THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL 
 VALUE. IT SHOULD NOT BE CITED OR RELIED ON IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH 
 CAROLINA
 In The Court of Appeals

 
 
 
 
 Receivable Recovery Services, 
 Appellant,
 
 
 

v.
 
 
 
 
 Dona Sloan Coates,Respondent.
 
 
 

Appeal From Lexington 
 County
  Rodney A. Peeples, Circuit 
 Court Judge

Unpublished Opinion 
 No. 2004-UP-350
 Submitted March 19, 2004  
 Filed May 25, 2004

AFFIRMED 

 
 
 
 
 Charles F. Thompson, of Columbia, 
 for Appellant.
 Everett Hope Garner, of Columbia, 
 for Respondent.
 
 
 

PER CURIAM:  Receivable 
 Recovery Services (Receivable) appeals the circuit court and magistrate courts 
 order asserting the courts erred with regards to monies paid to Dona Sloan Coates 
 (Coates) while Coates was working as a sales representative for Receivable.  
 
 
FACTS
Receivable hired Coates to work as 
 a sales representative.  Receivable is in the business of collecting accounts 
 receivables for other businesses.  Coates was hired at an initial base salary 
 of $28,000.  During initial discussions with Richard Friend, the hiring supervisor 
 at Receivable, regarding benefits Coates made a decision to waive hospitalization 
 and medical benefits.  Friend told her that the waiver of benefits would 
 result in a $200.00 automatic increase of her monthly salary. Friend also assured 
 Coates he would go to bat for her to get more money.  
From the beginning of her employment, 
 Coates was being paid $500 more monthly than the initial base salary.  Friends 
 assurances caused Coates to believe the company intended to pay her the additional 
 $500 monthly.  For six months Coates received the alleged $500 overpayment.  
 However, after four months of employment, Coates discussed the additional salary 
 with Friend and thanked him for the increase.  During this discussion, Friend 
 did not mention that the additional salary was an overpayment.  After Coates 
 had worked at Receivable for six months and had received eleven checks, Coates 
 spoke with Joe Messina, the owner of the corporation.  Shortly after 
 the conversation with Messina, Coates terminated her employment with Receivable. 
 
Messina made attempts to have Coates 
 sign an agreement that said she was overpaid $500. 
 [1] Additionally, Receivable deducted $754.67 from Coates payroll and 
 $ 231.58 from Coates expenses, without her permission. 
The magistrate found the testimony 
 that the alleged overpayment resulted from ADPs keying error unbelievable.  
 The magistrate found that although Coates had been getting more money and was 
 aware of that, Receivable failed to prove, by a preponderance of the evidence, 
 that there was an overpayment.  Receivable appealed to the circuit court, which 
 found there was evidence in the record to affirm the magistrates ruling.  The 
 circuit court affirmed the magistrate.  This appeal follows.      
  
ISSUES

 
 1. 
 Did 
 the circuit court err in holding that Coates was entitled to keep money 
 mistakenly paid to her by Receivable when relevant case law clearly states 
 a party may recover money mistakenly paid even if it was wholly responsible 
 for the error?
 
 
 
 2. 
 Did 
 the magistrate err in holding Coates was entitled to keep money mistakenly 
 paid to her by Receivable based on the judges speculation that Receivable 
 meant to pay Coates?
 

LAW/ANALYSIS
 Because this case originated in 
 magistrates court, South Carolina Code Ann. § 18-7-170 (1985) is applicable.  
 Parks v. Characters Night Club, 345 S.C. 484, 490, 548 S.E.2d 605, 608 
 (Ct. App. 2001).  On appeal from magistrates court, the circuit court may make 
 its own findings of fact. See S.C. Code Ann. § 18-7-170.  However, on 
 appeal from a circuit courts affirmance of a magistrates order, the appellate 
 courts review is more limited. This court will presume that an affirmance by 
 a circuit court of a magistrate's judgment was made upon the merits where the 
 testimony is sufficient to sustain the magistrates judgment and there are no 
 facts that show the affirmance was influenced by an error of law.  Hadfield 
 v. Gilchrist, 343 S.C. 88, 538 S.E.2d 268 (Ct. App. 2000). We therefore 
 look to whether the circuit court order is controlled by an error of law or 
 is unsupported by the facts. Parks, Id. 
Receivable argues that Coates in 
 not permitted to keep monies mistakenly paid to her.  We do not believe the 
 circuit court had subject matter jurisdiction to decide that issue.   Pursuant 
 to S.C. Code Ann. § 18-7-20, Receivable, within thirty days after judgment was 
 announced at the trial, was to serve a notice of appeal, stating the grounds 
 upon which its appeal was founded.  Receivable did not delineate any grounds 
 or exceptions on its appeal to the circuit court. Accordingly, Receivables 
 issues were not preserved for appellate review.
Even if we believed the issue was 
 preserved for appellate review, we find there is sufficient evidence to support 
 the lower courts decision.
CONCLUSION
For the forgoing reasons, the decision 
 of the circuit court is
AFFIRMED. 
GOOLSBY, HOWARD and BEATTY, JJ., 
 concur.

 
 
 [1] Receivable hired an outside company, Automatic Data Processing (ADP), 
 to handle payroll.  ADP was allegedly responsible for keying in the wrong 
 amount for Coates.  Coates had no dealings with ADP. Receivable did not bring 
 an action against ADP.